UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MELISSA LYNN STANLEY,          )
                               )
        Plaintiff              )
                               )
v.                             )    No. 1:13-cv-186-DBH
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security,  )
                               )
        Defendant              )

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the bases that the administrative law judge's mental residual functional capacity ("RFC") determination was inadequate on its face and unsupported by any medical opinion of record. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 10) at 2-4. I find no reversible error and, accordingly, recommend that the court affirm the decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 14, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

administrative law judge found, in relevant part, that the plaintiff had severe impairments of major depressive disorder, post-traumatic stress disorder ("PTSD"), and personality disorder, Finding 2, Record at 20; that she retained the RFC to perform a full range of work at all exertional levels, with a nonexertional limitation to unskilled work, Finding 4, *id*. at 22; that considering her age (25 years old, defined as a younger individual, on October 7, 2009, the date that she filed her application), education (limited), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 26; and that she, therefore, had not been disabled since October 7, 2009, the date that her application was filed, Finding 10, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence

in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff presses two related points: that the administrative law judge erred in crafting a mental RFC determination that is (i) inadequate on its face, given that whether a claimant can perform unskilled work is a function of skill level, not mental impairment, and (ii) unsupported by any medical opinion of record. *See* Statement of Errors at 2-4.

The commissioner concedes that this court has held that an administrative law judge may not assume, without explaining, that moderate limitations in concentration, persistence, or pace can be accommodated by a limitation to simple work alone, and that it is well-established that an administrative law judge may not base an RFC assessment on his or her own lay interpretation of medical data or substitute his or her judgment for that of medical experts. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 3.

Nonetheless, she correctly notes that this court has also held that either error is harmless if there is no medical opinion of record identifying greater limitations than those included in the RFC assessment. *See id*. at 3-4 (citing *Veach v. Commissioner of Soc. Sec. Admin.*, Civil No. 1:13-CV-76-DBH, 2014 WL 35362, at *4 (D. Me. Jan. 6, 2014), *Gonsalves v. Astrue*, Civil No. 09-181-BW, 2010 WL 1935753, at *6 (D. Me. May 10, 2010) (rec. dec., *aff'd* June 16, 2010), and *MacFarlane v. Astrue*, No. 07-132-P-H, 2008 WL 660225, at *4 (D. Me. Mar. 5, 2008) (rec. dec., *aff'd* Apr. 1, 2008)). She argues that that is the case here.

The record contains five expert opinions bearing on the plaintiff's mental functioning: (i) a May 5, 2005, mental RFC assessment by Brenda Sawyer, Ph.D., *see* Record at 460, which the parties agree relates to an earlier disability application/time period and was not addressed in

3

the decision at issue, *see* Statement of Errors at 3 n.1; Opposition at 4 n.1, (ii) a January 13, 2009, Psychiatric Review Technique Form ("PRTF") by nonexamining consultant David R. Houston, Ph.D., finding insufficient evidence to assess the severity of the plaintiff's mental impairments from January 1, 2007, through the date of the evaluation, *see* Record at 585-97, which the commissioner notes bears on an earlier disability application/time period and was not addressed in the decision at issue, *see* Opposition at 4 n.1, (iii) a January 29, 2010, PRTF by nonexamining consultant Lewis F. Lester, Ph.D., finding insufficient evidence to assess the severity of the plaintiff's mental impairments from September 18, 2008, through the date of the evaluation, *see* Record at 379-91, (iv) a report dated August 27, 2010, by examining consultant Donald Devine, Ph.D., *see id.* at 443-45, and (v) a September 1, 2010, PRTF by nonexamining consultant Brian Stahl, Ph.D., finding nonsevere impairments of a personality disorder and a substance addiction disorder, with insufficient evidence of restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, *see id.* at 447-59.

No treating source provided an RFC opinion, and no medical expert testified at hearing.

The plaintiff relies on the Devine report, which she contends the administrative law judge mischaracterized as reflecting only mild difficulties in memory and concentration. *See* Statement of Errors at 3-4. At oral argument, her counsel also pointed to Global Assessment of Functioning ("GAF") scores of 40 and 42, indicative of serious impairment, and argued that it was a stretch for the commissioner to speculate that any expert RFC opinion would have

imposed fewer restrictions than the clearly inadequate RFC finding, which as a practical matter imposes none.[2]

The commissioner rejoins that the administrative law judge reasonably found the Devine report consistent with mild limitations, assessing greater limitation only because he gave the plaintiff the benefit of the doubt. *See* Opposition at 5-6. At oral argument, her counsel added that the administrative law judge had adequately considered the GAF scores, providing a reasonable explanation why they did not suggest greater functional restriction than assessed.

The commissioner's argument is persuasive.

Dr. Devine stated, in relevant part, that (i) the plaintiff reported that she had worked at McDonald's, Burger King, Wal-Mart, and Big Apple and was "capable of doing what was asked of her on these jobs[,]" (ii) she "[s]at for her two hour interview without any noticeable discomfort or unusual behavior[,]" (iii) "[h]er short-term memory was somewhat limited[,]" (iv) "[s]he was able to recall five digits, the average is seven[,]" (v) "[h]er serial sevens were difficult and she had some problems with these[,]" (vi) "[i]t is likely that her short-term memory is consistent with her overall aptitude[,]" and (vii) "[h]er general knowledge appeared to be quite

---

[2] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., text rev. 2000) ("DSM–IV-TR"). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34. A GAF score of 41 to 50 represents "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* (boldface omitted). A GAF score of 31 to 40 reflects "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." *Id.* (boldface omitted).

limited, but her long-term memory, in terms of her own personal history, was intact." Record at 444.[3]

The administrative law judge deemed the Devine report consistent with the treatment record and supportive of his conclusion that the plaintiff retained sufficient cognitive and intellectual skills for unskilled work, explaining:

> Dr. Devine reported that the [plaintiff] was able to participate in the interview for two hours without noticeable discomfort or unusual behavior. The [plaintiff] had only mild difficulties with tasks that tested her abilities for memory and concentration. He noted that the [plaintiff] can manage her own hygiene, shopping, and other daily activities "without und[ue] difficulty." These findings support the assessed mild limitations in mental functioning.

*Id*. at 23 (citations omitted).

At oral argument, the plaintiff's counsel contended that, although it is not clear what Dr. Devine meant by his statement that the plaintiff's short-term memory was "somewhat limited," such a limitation could be vocationally significant, impacting her ability even to perform simple work, and could not fairly be characterized as "mild." Nonetheless, Dr. Stahl, an expert to whom it presumably would have been clear (or at least clearer than to a layperson) what Dr. Devine meant, considered the Devine report consistent with nonsevere (*i.e*., mild) mental limitations. *See id.* at 459.[4] The administrative law judge's characterization of the Devine report, hence, is supported by substantial evidence.

---

[3] Dr. Devine also stated that the plaintiff had a "somewhat complicated diagnostic picture" in that, although she was diagnosed with borderline personality, she did not appear to meet five or more of the nine criteria, and that "[i]t may be more appropriate to consider a diagnosis of 301.20 Schizoid Personality Disorder[.]" Record at 445. However, as counsel for the commissioner contended at oral argument, what matters for purposes of this appeal is the restrictions that Dr. Devine felt flowed from the plaintiff's mental impairments, regardless of how those impairments are labeled.

[4] Dr. Stahl expressly noted that Dr. Devine had found the plaintiff cooperative, appropriately attired, and oriented, with speech within normal limits, a somewhat blunted affect, a somewhat limited short-term memory, and an intact long-term memory. *See* Report at 459. In explaining his conclusion that her mental impairments were nonsevere, he mentioned that Dr. Devine had found her "capable of performing jobs when she went to work." *Id*.

6

As counsel for the commissioner pointed out at oral argument, the administrative law judge acknowledged that the record contained GAF scores ranging from 30 to 50. *See id*. at 24. However, he offered cogent reasons why those scores did not alter his overall assessment, none of which the plaintiff separately challenges:

> [T]hese GAF scores are inconsistent with the objective medical evidence discussed above describing essentially intact cognitive functioning. Furthermore, the [plaintiff's] lower reported GAF scores generally occur in the context of acute crisis or recent substance abuse, and thus they do not reflect her baseline level of function. Finally, GAF scores are not a precise functional assessment applicable to findings of specific work-related limitations. Therefore, the [plaintiff's] reported GAF scores do not direct a finding of substantial mental functional limitations or an inability to sustain unskilled work.

*Id*. at 24.[5]

Here, as in *MacFarlane*, the administrative law judge's errors "can only be harmless as [they were] obviously more favorable to the plaintiff[,]" or at least no less favorable, "than would be the implied alternative finding that the plaintiff in fact did not suffer from any severe [mental] impairments or limitations." *MacFarlane*, 2008 WL 660225, at *4.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

---

[5] Moreover, Dr. Lester found insufficient evidence to assess the plaintiff's mental limitations or RFC, and Dr. Stahl found her mental impairments nonsevere, despite noting that, on April 19, 2009, she was assessed with a GAF score of 45. *See* Record at 391, 459.

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge